**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
Nicholas J. De Blouw (State Bar #280922)
Victoria B. Rivapalacio (State Bar #275115)
victoria@bamlawca.com
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK FREY, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br><br>Plaintiff,<br><br>vs.<br><br>ASSOCIATE MECHANICAL CONTRACTORS INC., a Corporation; and DOES 1 through 50, inclusive,<br><br><br>Defendants. | Case No. 3:24-cv-02028-GPC-MMP<br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200;<br>2. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;<br>3. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;<br>4. FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802; and<br>5. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203.<br><br><br>**DEMAND FOR A JURY TRIAL** |

1

Mark Frey ("PLAINTIFF"), an individual, on behalf of himself and all other similarly situated current and former employees alleges on information and belief, except for his own acts and knowledge which are based on personal knowledge, the following.

## THE PARTIES

1.     Associate Mechanical Contractors Inc. ("DEFENDANT") is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

2.     DEFENDANT provides construction services in California.

3.     PLAINTIFF was employed by DEFENDANT in California from September of 2023 to July of 2024.  PLAINTIFF was at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked.

4.     PLAINTIFF brings this Class Action on behalf of himself and a California class, defined as all individuals who are or previously were employed by DEFENDANT in California, including any employees staffed with DEFENDANT by a third party, who were represented by the Local Union No. 206 and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning September 16, 2020, and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

5.     PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's policy and practice which failed to lawfully compensate these employees. DEFENDANT's policy and practice alleged herein was an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the other members of the CALIFORNIA CLASS.  PLAINTIFF and the other members of the

1  CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the

2  future, relief for the named PLAINTIFF and the other members of the CALIFORNIA

3  CLASS who have been economically injured by DEFENDANT's past and current unlawful

4  conduct, and all other appropriate legal and equitable relief.

5      6.    The true names and capacities, whether individual, corporate, subsidiary,

6  partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are

7  presently unknown to PLAINTIFF who therefore sues these Defendants by such fictitious

8  names pursuant to Cal. Civ. Proc. Code § 474.  PLAINTIFF will seek leave to amend this

9  Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when

10  they are ascertained.  PLAINTIFF is informed and believes, and based upon that information

11  and belief alleges, that the Defendants named in this Complaint, including DOES 1 through

12  50, inclusive, are responsible in some manner for one or more of the events and happenings

13  that proximately caused the injuries and damages hereinafter alleged.

14      7.    The agents, servants and/or employees of the Defendants and each of them

15  acting on behalf of the Defendants acted within the course and scope of his, her or its

16  authority as the agent, servant and/or employee of the Defendants, and personally

17  participated in the conduct alleged herein on behalf of the Defendants with respect to the

18  conduct alleged herein.  Consequently, the acts of each Defendant are legally attributable to

19  the other Defendants and all Defendants are jointly and severally liable to PLAINTIFF and

20  the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result

21  of the conduct of the Defendants' agents, servants and/or employees.

22

23  **THE CONDUCT**

24      8.    Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT

25  was required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time

26  worked, meaning the time during which an employee is subject to the control of an

27  employer, including all the time the employee is suffered or permitted to work.

28  DEFENDANT requires PLAINTIFF and CALIFORNIA CLASS Members to work without

1    paying them for all the time they are under DEFENDANT's control. Among other things,

2    DEFENDANT requires PLAINTIFF to work while clocked out during what is supposed to

3    be PLAINTIFF's off-duty meal break. PLAINTIFF was from time to time interrupted by

4    work assignments while clocked out for what should have been PLAINTIFF's off-duty meal

5    break. DEFENDANT, as a matter of established company policy and procedure, administers

6    a uniform practice of rounding the actual time worked and recorded by PLAINTIFF and

7    CALIFORNIA CLASS Members, always to the benefit of DEFENDANT, so that during the

8    course of their employment, PLAINTIFF and CALIFORNIA CLASS Members are paid less

9    than they would have been paid had they been paid for actual recorded time rather than

10   "rounded" time.  Additionally,  DEFENDANT engages in the practice of requiring

11   PLAINTIFF and CALIFORNIA CLASS Members to perform work off the clock in that

12   DEFENDANT, as a condition of employment, required these employees to submit to

13   mandatory temperature checks and symptom questionnaires for COVID-19 screening prior

14   to clocking into DEFENDANT's timekeeping system for the workday. As a result,

15   PLAINTIFF and other CALIFORNIA CLASS Members forfeit minimum wage, overtime

16   wage compensation, and off-duty meal breaks by working without their time being correctly

17   recorded and without compensation at the applicable rates. DEFENDANT's policy and

18   practice not to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time

19   worked, is evidenced by DEFENDANT's business records.

20          9.      During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to

21   accurately record and pay PLAINTIFF and other CALIFORNIA CLASS Members for the

22   actual amount of time these employees worked.  Pursuant to the Industrial Welfare

23   Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and other

24   CALIFORNIA CLASS Members for all time worked, meaning the time during which an

25   employee was subject to the control of an employer, including all the time the employee was

26   permitted or suffered to permit this work.  DEFENDANT required these employees to work

27   off the clock without paying them for all the time they were under DEFENDANT's control.

28   As such, DEFENDANT knew or should have known that PLAINTIFF and the other

members of the CALIFORNIA CLASS were under compensated for all time worked.  As a result, PLAINTIFF and other CALIFORNIA CLASS Members forfeited time worked by working without their time being accurately recorded and without compensation at the applicable minimum wage and overtime wage rates.  To the extent that the time worked off the clock does not qualify for overtime premium payment, DEFENDANT fails to pay minimum wages for the time worked off-the-clock in violation of Cal. Lab. Code §§ 1194, 1197, and 1197.1.

10.    From time to time, DEFENDANT also failed to provide PLAINTIFF and the other members of  the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned.  Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate.  PLAINTIFF and CALIFORNIA CLASS Members were paid on an hourly basis.  As such, the wage statements should reflect all applicable hourly rates during the pay period and the total hours worked, and the applicable pay period in which the wages were earned pursuant to California Labor Code Section 226(a).  The wage statements DEFENDANT provided to PLAINTIFF and other CALIFORNIA CLASS Members failed to identify such information. More specifically, the wage statements failed to identify the accurate total hours worked each pay period.  When the hours shown on the wage statements were added up, they did not equal the actual total hours worked during the pay period in violation of Cal. Lab. Code 226(a)(2).  Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226.  As a result, DEFENDANT from time to time provided PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

11.    As a pattern and practice, DEFENDANT regularly failed to pay PLAINTIFF and other members of the CALIFORNIA CLASS their correct wages and accordingly owe waiting time penalties pursuant to Cal. Lab. Code Section 203.

12.    DEFENDANT intentionally and knowingly failed to reimburse and indemnify PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses incurred by the PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANT.  Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment.  Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

13.    In the course of their employment PLAINTIFF and other CALIFORNIA CLASS Members as a business expense, were required by DEFENDANT to use their own personal cellular phones as a result of and in furtherance of their job duties as employees for DEFENDANT but are not reimbursed or indemnified by DEFENDANT for the cost associated with the use of their personal cellular phones for DEFENDANT's benefit. Specifically, PLAINTIFF and other CALIFORNIA CLASS Members were required by DEFENDANT to use their personal cellular phones.  As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not limited to, costs related to the use of their personal cellular phones all on behalf of and for the benefit of DEFENDANT.

14.    Specifically as to PLAINTIFF, DEFENDANT failed to pay PLAINTIFF all minimum wages due to PLAINTIFF.  DEFENDANT did not have a policy or practice for recording all time worked, including all time worked while clocked out before and after shifts and during meal breaks. The nature of the work performed by the PLAINTIFF did not

prevent PLAINTIFF from being relieved of all of PLAINTIFF's duties for the legally required off-duty meal periods.  As a result, DEFENDANT's failure to provide PLAINTIFF with all wages due is evidenced by DEFENDANT's business records.   The amount in controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.

## JURISDICTION AND VENUE

15.    This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203.  This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

16.    Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because PLAINTIFF worked in this County for DEFENDANT and DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS.

## THE CALIFORNIA CLASS

17.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, (the "UCL") as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who are or previously were employed by DEFENDANT in California, including any employees staffed with DEFENDANT by a third party, who were represented by the Local Union No. 206 and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning September 16, 2020, and ending on the date as determined by the Court  (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

18.     To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

19.     DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member was paid accurately as  required by California laws.  The DEFENDANT, however, as a matter of policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid as required by law.  This common business practice is applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, (the "UCL") as causation, damages, and reliance are not elements of this claim.

20.     The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

21.     DEFENDANT violated the rights of the CALIFORNIA CLASS under California law by:

> (a)     Committing an act of unfair competition in violation of , Cal. Bus. & Prof. Code §§ 17200, (the "UCL"), by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to record and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked, including minimum wages owed wages owed for work performed by these employees.

22.     This Class Action meets the statutory prerequisites for the maintenance of a Class  Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

> (a)     The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply to every member of the CALIFORNIA CLASS;

(c)    The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS.  PLAINTIFF, like all the other members of the CALIFORNIA CLASS, was classified as a non-exempt employee paid on an hourly basis who was subjected to the DEFENDANT's deceptive practice and policy which failed to provide the legally required meal and rest periods to the CALIFORNIA CLASS and thereby underpaid compensation to PLAINTIFF and CALIFORNIA CLASS.  PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices.  PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive and unfair misconduct engaged in by DEFENDANT; and,

(d)    The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate.  Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

23.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution

9

of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)    Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT failed to pay all wages due to members of the CALIFORNIA CLASS as required by law;

1)    With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief,  injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)    Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class

Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)   The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)   Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

    A.   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

    B.   Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)   In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

11

CLASS ACTION COMPLAINT

4)      A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

24.      This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)      The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are applied with respect to the CALIFORNIA CLASS;

(b)      A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)      The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)      PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)      There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for

CLASS ACTION COMPLAINT

the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)     There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)     DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)     The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

25.     DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA LABOR SUB-CLASS

26.     PLAINTIFF further brings the Second, Third, Fourth, and Fifth Causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS who are or previously were employed by DEFENDANT in California, including any employees staffed with DEFENDANT by a third party, who were represented by the Local Union No. 206 and classified as non exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period beginning September 16, 2021, and ending on the

CLASS ACTION COMPLAINT

date as determined by the Court  (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382.  The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

27.     DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly record the time worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS and failed to provide the correct compensation for the time worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS,  even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work.  DEFENDANT has denied these CALIFORNIA LABOR SUB-CLASS Members wages to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit.  To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

28.     DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged.  PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

29.     The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

30.     Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited to the following:

CLASS ACTION COMPLAINT

(a)    Whether DEFENDANT failed to provide the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

(b)    Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

(c)    The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

(d)    Whether DEFENDANT's conduct was willful.

31.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a)    Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1, by failing to accurately pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wage pay for which DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and 1197;

(b)    Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing the corresponding correct amount of wages earned by the employee;

(c)    Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment; and,

(d)    Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members with necessary expenses incurred in the discharge of their job duties.

15

32.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

    (a)     The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

    (b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply to every member of the CALIFORNIA LABOR SUB-CLASS;

    (c)     The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF, like all the other members of the CALIFORNIA LABOR SUB-CLASS, was a non-exempt employee paid on an hourly basis who was subjected to the DEFENDANT's practice and policy which failed to pay the correct amount of wages due to the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS were and are similarly or identically harmed by the same unlawful, deceptive, and unfair misconduct engaged in by DEFENDANT; and,

    (d)     The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS

16

will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

33.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

1)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

2)    Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT fails to pay all wages due. Including the correct wages for all time worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

(c)    Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-

17

CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)  The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)  Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

   A.  Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

   B.  Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)  In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class

1    Action is the only means to assert their claims through a

2    representative; and,

3        4)    A class action is superior to other available methods for the fair

4            and efficient adjudication of this litigation because class

5            treatment will obviate the need for unduly and unnecessary

6            duplicative litigation that is likely to result in the absence of

7            certification of this action pursuant to Cal. Code of Civ. Proc. §

8            382.

9    34.    This Court should permit this action to be maintained as a Class Action

10   pursuant to Cal. Code of Civ. Proc. § 382 because:

11       (a)    The questions of law and fact common to the CALIFORNIA LABOR

12            SUB-CLASS predominate over any question affecting only individual

13            CALIFORNIA LABOR SUB-CLASS Members;

14       (b)    A Class Action is superior to any other available method for the fair

15            and efficient adjudication of the claims of the members of the

16            CALIFORNIA LABOR SUB-CLASS because in the context of

17            employment litigation a substantial number of individual

18            CALIFORNIA LABOR SUB-CLASS Members will avoid asserting

19            their rights individually out of fear of retaliation or adverse impact on

20            their employment;

21       (c)    The members of the CALIFORNIA LABOR SUB-CLASS are so

22            numerous that it is impractical to bring all members of the

23            CALIFORNIA LABOR SUB-CLASS before the Court;

24       (d)    PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS

25            Members, will not be able to obtain effective and economic legal

26            redress unless the action is maintained as a Class Action;

27       (e)    There is a community of interest in obtaining appropriate legal and

28            equitable relief for the acts of unfair competition, statutory violations

19

CLASS ACTION COMPLAINT

and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f)    There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g)    DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)    The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members who worked for DEFENDANT in California at any time during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUB-CLASS.

## **FIRST CAUSE OF ACTION**

### **For Unlawful Business Practices**

### **[Cal. Bus. And Prof. Code §§ 17200]**

### **(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

35.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

36.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

37.    California Business & Professions Code §§ 17200, (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

38.    By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 221, 1194, 1197, 1197.1, 1198, 2802 and the Fair Labor Standards Act and federal regulations promulgated thereunder, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

39.    By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violate public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

40.    By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's policy and practice failed to provide the required amount

21

of compensation for minimum wages owed, failed to timely pay wages, and failed to reimburse all necessary business expenses incurred due to a business practice that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

41.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

42.    By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the other members of the CALIFORNIA CLASS, including earned wages for all time worked, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

43.    All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, were unlawful and in violation of public policy, were immoral, unethical, oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200.

44.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all time worked.

45.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful,

1  unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT

2  from engaging in any unlawful and unfair business practices in the future.

3      46.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no

4  plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business

5  practices of DEFENDANT.  Further, the practices herein alleged presently continue to occur

6  unabated.  As a result of the unlawful and unfair business practices described herein,

7  PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will

8  continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained

9  from continuing to engage in these unlawful and unfair business practices.

10

11              **SECOND CAUSE OF ACTION**

12              **For Failure To Pay Minimum Wages**

13            **[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

14          **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

15                **and Against All Defendants)**

16      47.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

17  CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

18  paragraphs of this Complaint.

19      48.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

20  CLASS bring a claim for DEFENDANT's willful and intentional violations of the

21  California Labor Code and the Industrial Welfare Commission requirements for

22  DEFENDANT's failure to accurately calculate and pay minimum wages to PLAINTIFF and

23  CALIFORNIA CLASS Members.

24      49.    Cal. Lab. Code  § 1197 provides the minimum wage for employees fixed by

25  the commission is the minimum wage to be paid to employees, and the payment of a less

26  wage than the minimum so fixed in unlawful.

27

28

50.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

51.     DEFENDANT maintained a wage practice of paying PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they work.  As set forth herein, DEFENDANT's policy and practice was to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.

52.     DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a policy and practice that denies accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

53.     In committing these violations of the California Labor Code, DEFENDANT inaccurately calculated the correct time worked and consequently underpaid the actual time worked by PLAINTIFF and other members of the CALIFORNIA  LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

54.     As a direct result of DEFENDANT's unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive the correct minimum wage compensation for their time worked for DEFENDANT.

55.     During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT required, permitted or suffered PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members to work without paying them for all the time they were under DEFENDANT's control.  During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the

other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were entitled to, constituting a failure to pay all earned wages.

56.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

57.    DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their time worked.  DEFENDANT elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of company policy, practice and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

58.    In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

59.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes.  To the extent minimum wage compensation is determined to be owed to the CALIFORNIA

LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith. Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

**THIRD CAUSE OF ACTION**

**For Failure to Provide Accurate Itemized Statements**

**[Cal. Lab. Code § 226]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

60.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

61.     Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1) gross wages earned,
(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,
(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,
(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,
(5) net wages earned,
(6) the inclusive dates of the period for which the employee is paid,
(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,
(8) the name and address of the legal entity that is the employer, and
(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

26

1      62.    From time to time, DEFENDANT also failed to provide PLAINTIFF and the

2 other members of  the CALIFORNIA LABOR SUB-CLASS with complete and accurate

3 wage statements which failed to show, among other things, the correct gross and net wages

4 earned.  Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her

5 employees with an accurate itemized wage statement in writing showing, among other

6 things, gross wages earned and all applicable hourly rates in effect during the pay period and

7 the corresponding amount of time worked at each hourly rate.  PLAINTIFF and

8 CALIFORNIA LABOR SUB-CLASS Members were paid on an hourly basis.  As such, the

9 wage statements should reflect all applicable hourly rates during the pay period and the total

10 hours worked, and the applicable pay period in which the wages were earned pursuant to

11 California Labor Code Section 226(a).  The wage statements DEFENDANT provided to

12 PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members failed to identify

13 such information. More specifically, the wage statements failed to identify the accurate total

14 hours worked each pay period.  When the hours shown on the wage statements were added

15 up, they did not equal the actual total hours worked during the pay period in violation of Cal.

16 Lab. Code 226(a)(2).  Aside, from the violations listed above in this paragraph,

17 DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the

18 requirements under California Labor Code 226. As a result, DEFENDANT from time to

19 time provided PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

20 CLASS with wage statements which violated Cal. Lab. Code § 226.

21      63.    DEFENDANT knowingly and intentionally failed to comply with Cal. Lab.

22 Code § 226, causing injury and damages to PLAINTIFF and the other members of the

23 CALIFORNIA LABOR SUB-CLASS.  These damages include, but are not limited to, costs

24 expended calculating the correct wages owed and the amount of employment taxes which

25 were not properly paid to state and federal tax authorities. These damages are difficult to

26 estimate. Therefore, PLAINTIFF and the other members of the CALIFORNIA LABOR

27 SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial

28 pay period in which the violation occurred, and one hundred dollars ($100.00) for each

1  violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount

2  according to proof at the time of trial (but in no event more than four thousand dollars

3  ($4,000.00) for PLAINTIFF and each respective member of the CALIFORNIA LABOR

4  SUB-CLASS herein).

5

6  **FOURTH CAUSE OF ACTION**

7  **For Failure to Reimburse Employees for Required Expenses**

8  **[Cal. Lab. Code § 2802]**

9  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

10  **Defendants)**

11  64.    PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members

12  reallege and incorporate by this reference, as though fully set forth herein, the prior

13  paragraphs of this Complaint.

14  65.    Cal. Lab. Code § 2802 provides, in relevant part, that:

15  An employer shall indemnify his or her employee for all necessary
   expenditures or losses incurred by the employee in direct consequence of the
16  discharge of his or her duties, or of his or her obedience to the directions of
   the employer, even though unlawful, unless the employee, at the time of
17  obeying the directions, believed them to be unlawful.

18  66.    At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802,

19  by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-

20  CLASS members for required expenses incurred in the discharge of their job duties for

21  DEFENDANT's benefit.  DEFENDANT failed to reimburse PLAINTIFF and the

22  CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were not

23  limited to, costs related to using their personal cellular phones on behalf of and for the

24  benefit of DEFENDANT.  Specifically, PLAINTIFF and other CALIFORNIA LABOR

25  SUB-CLASS Members were required by DEFENDANT to use their personal cellular

26  phones in order to perform work related job tasks.  DEFENDANT's policy and practice was

27  to not reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for

28

CLASS ACTION COMPLAINT

expenses resulting from using their personal cellular phones for DEFENDANT within the course and scope of their employment for DEFENDANT.  These expenses were necessary to complete their principal job duties. DEFENDANT is estopped  by DEFENDANT's conduct to assert any waiver of this expectation.  Although these expenses were necessary expenses incurred by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

67.    PLAINTIFF therefore demands reimbursement for expenditures or losses incurred by himself and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their  job duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

### FIFTH CAUSE OF ACTION

**For Failure to Pay Wages When Due**

**[ Cal. Lab. Code §§ 201, 202, 203]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

**and Against All Defendants)**

68.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

69.    Cal. Lab. Code § 200 provides, in relevant part, that:
As used in this article:
(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.
(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

CLASS ACTION COMPLAINT

70. Cal. Lab. Code § 201 provides, in relevant part, "that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

71. Cal. Lab. Code § 202 provides, in relevant part, that:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

72. There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

73. Cal. Lab. Code § 203 provides, in relevant part, that:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

74. The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-CLASS Members has terminated and DEFENDANT has not tendered payment of all wages owed as required by law.  This failure by DEFENDANT is believed to be the result of DEFENDANT's unlawful, unfair and deceptive refusal to provide compensation for all time worked.  DEFENDANT perpetrated this unlawful, unfair and deceptive practice to the detriment of the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS. DEFENDANT's uniform practice and policy of failing to pay the LABOR SUB-CLASS Members for all time worked accumulated at employment termination violated and continues to violate Section 227.3 of the California Labor Code.

75. Therefore, as provided by Cal Lab. Code § 203, on behalf of himself and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated and who have not been fully paid their wages due to them, PLAINTIFF demands thirty days

of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.  On behalf of the CALIFORNIA CLASS:

    A)  That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    B)  An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

    C)  An order requiring DEFENDANT to pay all wages and all sums unlawfuly withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

    D)  Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2.  On behalf of the CALIFORNIA LABOR SUB-CLASS:

    A)  That the Court certify the Second, Third, Fourth, and Fifth Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    B)  Compensatory damages, according to proof at trial, including compensatory damages for minimum compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

CLASS ACTION COMPLAINT

C)      The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

D)      For liquidated damages pursuant to California Labor Code Sections 1194.2 and 1197;

E)      The amount of the expenses PLAINTIFF and each member of the CALIFORNIA LABOR SUBCLASS incurred in the course of their job duties, plus interest, and costs of suit.; and,

G)      The wages of all terminated employees in the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

3.      On all claims:

A)      An award of interest, including prejudgment interest at the legal rate;

B)      Such other and further relief as the Court deems just and equitable; and,

C)      An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code §221, §226, §1194, and/or §2802.

///

///

Dated: December 12, 2024        BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP


                        By:  _/s/ Nicholas J. De Blouw_____
                              Norman B. Blumenthal
                              Nicholas J. De Blouw

CLASS ACTION COMPLAINT

1

## **DEMAND FOR A JURY TRIAL**

2      PLAINTIFF demands a jury trial on issues triable to a jury.

3

4      Dated: December 12, 2024          BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

5

6                                       By:  */s/ Nicholas J. De Blouw*

7                                            Norman B. Blumenthal
                                             Nicholas J. De Blouw

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT